IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SARA GONZALES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:22-CV-1324-D |
| | § | |
| CITY OF DALLAS, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Sara Gonzales ("Gonzales") moves for a default judgment and for attorney's fees and costs of service under Fed. R. Civ. P. 4(d)(2). The court grants the motion for default judgment to the extent that it holds that defendant Cynthia Cano ("Cano") is liable to Gonzales, and it sets the balance of the motion for an evidentiary hearing to determine the amount of damages that Gonzales is entitled to recover from Cano. The court will internally calendar the motion for attorney's fees and costs of service for a decision after the motion is ripe under the court's local civil rules.

I

Gonzales sues Cano for assault and seeks, *inter alia*, "[a]n order awarding Plaintiff's damages suffered as a result of the physical attack on her person." Compl. at 10. In her motion for default judgment, she requests an award of "$500 in nominal damages and $1,914 in attorneys' fees." Mot. at 6. Because the damages she seeks are not liquidated, an evidentiary hearing is required. *See, e.g.*, *Beachhead, L.P. v. Solar Night Indus., Inc.*, 2008

WL 4692856, at *1 (N.D. Tex. Oct. 23, 2008) (Fitzwater, C.J.) (holding that, generally, in default judgment context, unliquidated damages are normally not awarded without evidentiary hearing; that liquidated damages are those either agreed upon by the parties in a contract, or fixed by operation of law; and that a sum capable of mathematical calculation is one that can be computed with certainty by reference to the pleadings and supporting documents alone, rendering an evidentiary hearing unnecessary).

In setting this hearing, the court notes that Gonzales does not appear to be entitled to an award of attorney's fees with respect to her assault claim. *See, e.g.*, *Wells Fargo Bank, N.A. v. Sutherland*, 2017 WL 2999415, at *8 (W.D. Tex. Apr. 12, 2017), *rec. adopted*, 2017 WL 2999698 (W.D. Tex. May 31, 2017). Under Texas law, "attorney's fees are not recoverable either in an action in tort or a suit upon a contract unless provided by statute or by contract between the parties." *New Amsterdam Cas. Co. v. Tex. Indus., Inc.*, 414 S.W.2d 914, 915 (Tex. 1967); *see also Neeley v. Bankers Tr. Co. of Tex.*, 757 F.2d 621, 633 (5th Cir. 1985). Nor does she appear to be eligible to recover "nominal" damages of $500 with respect to her assault claim against Cano. And although Gonzales may be eligible to recover nominal damages and attorney's fees from other defendants if she prevails on her constitutional claim, she has not pleaded such a claim against Cano.

II

Gonzales also seeks relief from Cano under Rule 4(d)(2). The court will internally calendar this motion for a decision after the motion is ripe under the court's local civil rules.

Although there are cases in which courts have awarded relief under Rule 4(d)(2) at the same time they have entered default judgments, there is no suggestion that a plaintiff can recover such relief by "default." In other words, a party against whom such relief is sought should be permitted to respond to a motion seeking to recover under Rule 4(d)(2).

In calendaring the motion, the court notes that Gonzales must separate the attorney's fees incurred in connection with filing the motion for relief under Rule 4(d)(2) from the attorney's fees incurred in moving for a default judgment. Gonzales includes in her Rule 4(d)(2) attorney's fees request "the time to draft and file this petition." P. Br. 5. "[T]his petition" appears, however, to refer to a combined motion for default judgment and motion to recover service costs, meaning that she seems to be seeking attorney's fees incurred in moving for a default judgment, which is not permitted. *See, e.g.*, *J.P. King Auction Co. v. White*, 2012 WL 13134493, at *1 (S.D. Fla. Jan. 23, 2012). If so, Gonzales must segregate the non-recoverable from the recoverable fees.

III

The court sets the balance of Gonzales's motion for default judgment for a hearing on Thursday, October 27, 2022, at 11 a.m. in Courtroom 1351, United States Courthouse, 1100

Commerce Street, Dallas, Texas. Gonzales must attempt to serve a copy of this memorandum opinion and order on Cano by any means permitted by Rule 5(b).

**SO ORDERED**.

October 4, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE